# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JAMEY JACKSON, <br><br> Petitioner, <br><br> v. <br><br> BRIAN FOSTER, <br><br> Respondent. | Case No. 19-CV-49-JPS <br><br> **ORDER** |

Petitioner Jamey Jackson ("Jackson") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his conviction and sentence were imposed in violation of his constitutional rights. (Docket #1). He filed a motion for leave to proceed without prepayment of the filing fee, (Docket #2), and submitted a trust account statement, (Docket #5), which reflects an average monthly balance of $0.85 and an average monthly deposit of $7.86. The Court will grant Jackson's motion, `waive the $5.00 filing fee associated with habeas petitions, and proceed with screening the complaint.

Rule 4 of the Rules Governing Section 2254 Proceedings authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition. . .that the petitioner is not entitled to relief." The Rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, such as whether the petitioner has complied with the statute of limitations,

exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

According to the petition and the state court docket, on February 3, 2015, Jackson was adjudged guilty by a jury of his peers of one count of unlawful possession of a firearm in Milwaukee County Court Case No. 14CF2307. He was sentenced to five years confinement and five years of extended supervision. On March 6, 2017, Jackson filed a motion for postconviction relief, arguing that his counsel was ineffective for failing to move to suppress a lineup identification that violated his right to counsel and was impermissibly suggestive. (Docket #1-1 at 1). The trial court denied the motion on May 5, 2017. *Id.* at 12. On May 22, 2017, Jackson filed a notice of appeal. In his appeal, he renewed his ineffective assistance of counsel claim that his attorney should have moved to suppress the lineup as impermissibly suggestive because two of the three witnesses heard the third witness ask to see him again. *Id.* at 17. He also argued that there was insufficient evidence to support the guilty verdict. *Id.* at 21. The Wisconsin Court of Appeals affirmed the trial court's judgment on March 6, 2018. *Id.* at 22. The Supreme Court denied review on June 11, 2018.

As part of its Rule 4 review, the Court first considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

The Wisconsin Supreme Court denied Jackson's petition for review on June 11, 2018. Jackson then had ninety days to seek certiorari from the Supreme Court. The habeas clock began to run the day after this period expired, on September 9, 2018. Jackson filed his petition in this Court on January 7, 2019, within the one-year deadline prescribed by 28 U.S.C. § 2244(d)(1)(A). Accordingly, the petition is timely.

Next, the Court analyzes whether Jackson fully exhausted his state court remedies. A district court may not address claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, Jackson appears to have exhausted his remedies as to his ineffective assistance of counsel claim. Jackson claims the following grounds for relief in his habeas petition: First, "as a result of trial counsel's failure to object to the impermissibly suggestive lineup, tainted identification evidence was introduced at trial." (Docket #1 at 6). Second, he claims that there was "constitutionally insufficient evidence to sustain the guilty verdict adjudication." *Id.* at 7.

Jackson has alleged grounds for relief that were considered by the state court. Specifically, the Court will allow Jackson to proceed on the following claims: (1) an ineffective assistance of counsel claim against his trial counsel for failing to object to or attempt to suppress the impermissibly suggestive lineup; and (2) a challenge to the constitutional sufficiency of the evidence used to sustain the conviction. These were the issues addressed by the Wisconsin Court of Appeals, *State v. Jackson*, 2017AP968, 2018 WL 1175136 (Wis. Ct. App. Mar. 6, 2018), and these were the issues that the Wisconsin Supreme Court declined to review.

The Court will now analyze whether Jackson has procedurally defaulted on either of his claims. "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). Functionally, procedural default arises when the petitioner either (1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred, or (2) presented his claim to the state courts but the state court dismissed the claim on an independent and adequate state procedural ground. *Perruquet*, 390 F.3d at 514; *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002); *Chambers v. McCaughtry*, 264 F.3d 732, 737–38 (7th Cir. 2001). Neither circumstance appears to have arisen in this case, and so the Court will not dismiss Jackson's claims at this time on the basis of procedural default.

The Court concludes its Rule 4 review by screening for patently frivolous claims in Jackson's petition. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of his claims, it does not plainly appear that they are frivolous.

Having screened the original petition, the Court now turns to Jackson's motion to amend and stay his petition. (Docket #7). Habeas petitions are governed by Federal Rule of Civil Procedure ("FCRP") 15, which addresses motions to amend. 28 U.S.C. § 2242; Fed. R. Civ. P. 81(a)(4). FRCP 15 provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading. . ." Fed. R. Civ. P. 15(a)(1). In a federal habeas case, the period in which a petitioner can amend without leave of the court "can be rather long" because "[u]nder Habeas Corpus Rule 4, a petition is not immediately served on the respondent." *Mayle v. Felix*, 545 U.S. 644, 663 (2005). This is due to the fact that district court judges will first screen the petition to determine whether it plainly appears that the petitioner is not entitled for relief. *Id.*; Rules Governing Section 2242 Cases in the United States District Courts, Rule 4. Before the judge conducts this screening, "the petitioner may amend his pleading as a 'matter of course,'" so long as the statute of limitations has not expired. *Mayle*, 545 U.S. at 663 (quoting Fed. R. Civ. P. 15(a)). Once the statute of limitations expires, however, amendments must relate back to the original petition. *Id.* at 656–57; Fed. R. Civ. P. 15(c)(1). The amendments must "'ar[i]se out of the conduct, transaction, or occurrence'" as the claims alleged in the original habeas petition. *Mayle*, 545 U.S. at 655 (quoting Fed. R. Civ. P. 15(c)(2)). In other words, the "original and amended petitions [must] state claims that are tied to a common core of operative facts." *Id.* at 664.

Here, the habeas petition deadline expired on September 9, 2019 and Jackson submitted his motion to amend the petition on October 7, 2019, approximately one month after the statute of limitations expired. Therefore,

his amended claim must be tied to the same "common core of operative facts" as the claims in his original petition; i.e., ineffective assistance of counsel for failure to challenge the inappropriately suggestive lineup and sufficiency of the evidence. *Id.*

Jackson's motion to amend seeks to bring another Sixth Amendment claim on the grounds that his right to counsel was violated when the police conducted a lineup without counsel present. The basis of Jackson's amendment is founded in an unrelated Section 1983 suit that was also filed in this branch of the court, case number 18-CV-446, in which the government did not dispute that Jackson's right to counsel was violated when he was denied counsel during the lineup. (Docket #7 at 2). In the Section 1983 suit, the government was shielded from liability by the doctrine of qualified immunity, because the law was unclear as to when the right to counsel attached. *See* (Case No. 18-CV-446, Docket #51). Now, Jackson contends that the government's failure to dispute that the right to counsel had attached "may constitute newly discovered evidence" that might serve as the basis for an appeal in state court. (Docket #7 at 2).

In order to relate back to the original petition, the amendment must assert a ground for relief that is "tied to a common core of operative facts," that are similar "in both time and type" as the original petition. *Mayle*, 545 U.S. at 650, 664. The Supreme Court has illustrated the types of cases that warrant an amendment back: in one example, the original petition alleged violations of *Brady v. Maryland*, 373 U.S. 83 (1963), which requires prosecutors to turn over exculpatory evidence to the defense; the amended petition alleged that the government "fail[ed] to disclose a particular report." *Mayle*, 545 U.S. at 664 n.7 (discussing *Mandacina v. United States*, 328 F.3d 995, 1000–01 (8th Cir 2003)). In another example, the original petition

"challenged the trial court's admission of recanted statements, while the amended petition challenged the court's refusal to allow the defendant to show that the statements had been recanted." *Id.* (discussing *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001)). These examples align with the proposition that relation back is appropriate "when the new claim is based on the same facts as the original pleading and only changes the legal theory." *Id.* (quoting 3 J. Moore, et al., *Moore's Fed. Prac. & Proc.* § 15.19 (3d ed. 2004)). This narrow reading of whether a proposed amendment relates back to an original petition is consistent with habeas petitions' more rigorous pleading requirements. Unlike Federal Rule of Civil Procedure's lenient standard for notice pleading, Habeas Corpus Rule 2(c) requires petitioners to "specify all grounds for relief" and to "state the facts supporting each ground." It follows, then, that in order to relate back to the original petition, the new claim must be based on specific facts that track those alleged in the original petition.

Here, the factual grounds for Jackson's original Sixth Amendment habeas petition are as follows: he participated in a six-person line up before three witnesses. The witnesses were indecisive as to whether any of the lineup participants was the suspect in question. It was not until one of the witnesses asked to see lineup suspect number five again (i.e., Jackson), that the other two witnesses became decisive about identifying Jackson as the person who committed the crime in question. Jackson contends that the audible request to see him rendered the lineup unconstitutionally suggestive.

Although the new claim arises from the same investigatory lineup, the facts that rendered the lineup suggestive are different from the facts that rendered the lineup violative of Jackson's right to counsel. "[A] court

considering whether amendment is proper cannot rest on a common assertion of Sixth Amendment violation. . .*Mayle* requires a closer look." *Anderson v. Foster*, 13-CV-256-JPS, 2013 WL 3224592, at *2 (E.D. Wis. June 25, 2013); *United States v. Gonzalez*, 592 F.3d 675, 679–80 (5th Cir. 2009). In *Anderson*, this Court denied a motion to amend a habeas petition to include a claim regarding counsel's failure to object to certain facts and recommendations at sentencing. *Anderson*, 2013 WL 3224592, at *2. The Court determined that, under *Mayle*, such an amendment did not relate back to the original petition because the original petition alleged ineffective assistance of counsel based solely on the grounds that counsel failed to present evidence of cooperation. *Id.* In other words, because the amended claim rested on new facts, it did not relate back to the original petition.

In Jackson's original petition, he alleged that the lineup was unconstitutionally suggestive because one of the witness asked, audibly, whether she could see him again, and this influenced the determinations of the other two witnesses. In his motion to amend, Jackson alleges that the lineup was unconstitutional because his counsel was not present. However, at no point in his original petition did he state that his trial counsel was not present at the lineup, or that his counsel should have been present at the lineup. Under *Mayle,* the amended claim is not based on facts that were alleged in the original petition; therefore, the new claim does not "relate back" to the original complain such that it can circumvent the statute of limitations. Because the Federal Rules of Procedure and 28 U.S.C. § 2241 *et seq.* preclude the amendment, the Court will also deny Jackson's motion to stay proceedings so that he can exhaust them in state Court because such a stay would be futile. *See Anderson*, 2013 WL 3224592 at *3.

Accordingly,

**IT IS ORDERED** that Jackson's motion for leave to proceed with prepayment of the filing fee (Docket #2) be and the same is hereby **GRANTED** and the $5.00 filing fee be and the same is hereby **WAIVED**;

**IT IS FURTHER ORDERED** that Jackson's motion to amend and motion to stay the petition (Docket #7) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Jackson may proceed on his original petition for writ of habeas corpus (Docket #1);

**IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

    b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60)

days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

      c.      Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3.      If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

      a.      Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

      b.      Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

**IT IS FURTHER ORDERED** that Petitioner shall submit all correspondence and legal material to:

      Office of the Clerk
      United States District Court
      Eastern District of Wisconsin
      362 United States Courthouse
      517 E. Wisconsin Avenue
      Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the Clerk of the Court, Petitioner need not mail to counsel for Respondent copies of documents submitted to the Court.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to Respondents on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 15th day of November, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge