# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JAMEY JACKSON,<br><br>                Petitioner,<br><br>v.<br><br>BRIAN FOSTER,<br><br>                Respondent. | Case No. 19-CV-49-JPS<br><br>**ORDER** |

On November 15, 2019, the Court screened the petition for writ of habeas corpus in the above-captioned case. (Docket #8). The Court determined that Petitioner could proceed on the two habeas claims raised in his initial petition. *Id.* at 4. However, the Court denied the motion to amend/correct the petition for writ of habeas corpus, which sought to add an additional habeas claim. *Id.* Since the motion to amend was filed after the habeas statute of limitations expired, the amended claim needed to arise from the same conduct, transaction or occurrence as the claims alleged in the original habeas petition. *Id.* at 5–6 (citing *Mayle v. Felix*, 545 U.S. 644, 655 (2005)). After analyzing the newly alleged claim, the Court determined that the amended complaint rested on new facts that were not alleged in the original petition; therefore, the new claim did not relate back to the original petition. *Id.* at 6. As a result, the Court denied the motion to amend, and ordered the parties to proceed on the two claims alleged in the original habeas petition.

On December 2, 2019, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure 59 and 60, asking the Court to

reconsider the order denying the motion to amend. (Docket #12).[1] Essentially, Petitioner argues that his new claim—i.e., that his lineup was unconstitutional because his counsel was not present—was tied to the same common core of operative facts as his original claim—i.e., that the lineup was unconstitutionally suggestive because of an audible question that one of the witnesses asked, which influenced the other two witnesses—because the two claims were raised together before the state court in the initial post-conviction motion. *Id.* at 2; (Docket #12-1 at 1). He explains that the Court's prefatory remark that his motion to amend was based on an order in an unrelated Section 1983 claim undermines the fact that these two issues are intertwined. (Docket #12 at 3). He then goes on to argue that he should be afforded the opportunity to exhaust his claim in the Wisconsin state courts. *Id.*

Rule 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). Since there is no judgment in this case, Petitioner's motion should be evaluated under Rule 60(b), which provides relief from "a final judgment, order, or proceeding." Rule 60(b) allows the Court to vacate a judgment based on, *inter alia*, excusable neglect, newly discovered evidence, fraud by a party, satisfaction of the judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an "extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). The Court's determination is constrained only by its sound discretion. *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014).

---

[1] Petitioner filed this motion for reconsideration twice. (Docket #16). The second motion, which is identical to the first motion, will be denied as moot.

In its earlier order, the Court explained that Petitioner's motion to amend would be dismissed because the new claim was not related to the facts alleged in the original habeas petition. *See* (Docket #8 at 5–8). While the new lack of counsel claim may have been raised alongside the impermissibly suggestive lineup claim in Petitioner's the motion for post-conviction relief, the original habeas petition alleged only the following facts:

> As a result of trial counsel's failure to object to the impermissibly suggestive lineup, tainted identification evidence was introduced at trial which aided in Petitioner's conviction.
>
> Petitioner was viewed in a six-person lineup conducted by law enforcement by five people were, not until Brooklyn Baker raised her hand and asked to view lineup suspect #5, Jamey Jackson, a second or subsequent time, did Kiara Guyton and [unclear] Martin become decisive with identifying Jamey Jackson. Petitioner's trial counsel neither challenge the identification evidence nor sought to have identification evidence suppressed contrary to *Neil v. Biggers,* 409 U.S. 188, 93 S. Ct. 375, 34 L. Ed. 2d 401 (1972). While the last court of review recognizer [sic] *Neil v. Biggers, supra*, it reach [sic] a decision contrary thereto.

(Docket #1 at 6–7). None of these facts relate to the new claim, in his motion to amend, that the police violated his right to counsel by failing to require counsel at the lineup. As the Court stated in the screening order,

> [A]t no point in [Petitioner's] original petition did he state that his trial counsel was not present at the lineup, or that his counsel should have been present at the lineup. Under *Mayle*, the amended claim is not based on facts that were alleged in the original petition; therefore,

> the new claim does not "relate back" to the
> original complain such that it can circumvent
> the statute of limitations.

(Docket #8 at 8). Nothing in Petitioner's motion for reconsideration changes this outcome.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for reconsideration (Docket #12) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Petitioner's second motion for reconsideration (Docket #16) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 30th day of January, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge